

US Court of Appeals

For the 2nd Circuit

------------------------------------------------

Allen Herschaft

Appellant                **Appellant's Brief**

v.                            22-2822cv

NY City Campaign Finance Board

Defendant

------------------------------------------------

**Appellant's Brief**

22-2822cv

1

US COURT OF APPEALS

FOR THE SECOND CIRCUIT

-----------------------------------------------------------

ALLEN HERSCHAFT

APPELLANT                                              Appellant's Brief

v.                                                     22-2822cv

NY CITY CAMPAIGN FINANCE BOARD

Defendant

---

Table of Contents

Table of Authorities……p.1-2.

Basis for Appeals court jurisdiction…..p.2

The filing date………………….p.2

Assertion that the Appeal is from a final judgment…….p.2

Statement of Issues for Review….p.2-3

Statement of Case………..pgs.3

Short Conclusion……….p.11

Table of Authorities

Am Jur, p.4

Benjamin Cardoza, The Nature of the Judicial Process, p.4

Black's Law Dictionary, Bryan Garner 9th ed. p.9

Buckley v. Valeo, 424 US 1, p.6.

Scott M. Collip, Fundraising in the US, p.4

2

EEOC v. Staten Island Sav. Bank 207 F. 3rd 144, 148 (2nd Cir. 2000) p.5

Employment Division v. Smith, 494 US 872 (1990) p.10.

Grannis v. Ordean , 234 US 385 (1914), p.8

Herschaft v. NY City Police Dept. et al. 2018 WL 4861388.,p.7

Kitzur Shulcan Aruch, pgs. 3-6.

Oxford Companion to the Supreme Court 2nd ed.,p.8

Pestia v. O'connor, 178 F.3rd 86, 88 (2nd Cir. 1999) p.5

Roman Catholic Diocese of Brooklyn v. Andrew Cuomo, 141 S.Ct. 63, 70 (2020), p.10

South Bay Pentecostal Church v. Newsom, 140 S. Ct. 1613 (2020),p.10

Tandon v. Newsom ,141 S.Ct. 1294, 1296 (2021), p.10

Wisconsin V. Yoder, 406 US 205 (1972) p.10.

The Basis for jurisdiction on the District court level and the Court of Appeals level is that this case deals primarily with a free exercise of religion issue under the NY state and US Constitution.

The Notice of Appeal was filed October 26, 2022 and Judgement was entered on September 29, 2022.

This appeal is from a final order or judgment with prejudice.

Statement of Issues Presented for Review:

1.Whether the District Court erred in dismissing the case on Res Judicata grounds (See pgs.12-13 of App)?

2.Whether FRCP 12 b 6 should apply in this case?

3

3. Whether appellant should expect to receive a fair and impartial hearing of his claims in the 2nd Circuit Court of Appeals with this action based on what happened in the federal Eastern District Court in 2001, esp. 2018, and 2022?

4. Whether it was fair for appellant to have his case labelled 'frivolous' or nearly so by Judge Amon in 2000 (See pg.33 of App.) and by Judge Matsumoto in 2022 (See pg. 17 of the App) and judge Kuntz in 2018 (see pg. 52-3 of app.).

5. Whether the decision in 2022, by the Eastern District goes against recent US Supreme Court precedent in the area of free exercise of religion?

Statement of the case

Case was originally brought in 2001 and was heard by Judge Ammon. It was a bench proceeding. Plaintiff sued under many causes of action, not just the free exercise of religion although this was the main one. Plaintiff argued unsuccessfully that he and his donor's rights were being violated by the rules and regulations of the campaign finance board. To receive campaign financing in order to get the required information he would need to disturb his donor's prayers in a religious setting. The donations were expected to be small ones a great majority under $5.00. This case was appealed and affirmed. In the case in the Court of Appeals one of plaintiff's memorandum of law was missing as he was alerted by the court. Plaintiff argues that this missing memo indicates a lack of procedural due process on the part of the court both lower and on the appeals level.

In 2022 plaintiff brought a new action based on the earlier one but with differences. Plaintiff brought proof from a well regarded source in Judaism the Kitzur Shulcan Aruch- that during morning afternoon and evening services the prayers were to be silent basically no talking aloud. There were added information that the donations were and should be given and taken in secrecy which plaintiff argues is a clash of values between the campaign finance board and orthodox Judaism. Case was

4

dismissed because the judge felt that the defendant met its burden in enacting a neutral law of general applicability on compelling grounds, which plaintiff disagrees with.

### Res Judicata Issue

According to Am Jur, Collateral Estoppel, p.1000-the proponent of collateral Estoppel must show identity of the issue sought to be precluded. Conversely, the opponent must demonstrate the absence of a full and fair opportunity to litigate. Which I have claimed before and do so now.

The Res Judicata issue revolves around whether plaintiff can rely on his argument with using raffles and lotteries which the campaign finance board outlawed after the original case of 2001, which was never argued and is something new. Also never argued was the clash of values between Judaism which argues for secrecy in giving money and the campaign finance board which argues for transparency and openness.

Benjamin Cardoza in his book The Nature of the Judicial Process[1] makes the case that implicitly history informs the law; So if is the case why did judge Matsumoto dismiss my discussion of lotteries being banned by the board and stated that plaintiff didn't make or present an argument regarding this issue? This is not true as plaintiff said before and now, Harvard and William and Mary Universities used it successfully at the turn of 18th century.[2] So plaintiff asked what was so nefarious about using it as a tool for raising money if they-the tools-were so successful?

Also in plaintiff's complaint (p. 37 of appendix) under Simon (Chapter)34- The Laws of Charity there is a claim made that one be careful in giving charity in secret as much as possible (see

---

[1] Benjamin Cardoza The Nature of the Judicial Process 52-53 (Yale University Press) (1921).
[2] Scott M. Collip Fundraising in the US-Its Role in Philanthropy 5 (Transaction Publishers 1980);also Becky Little in her history newsletter states that lotteries helped to fund the 13 colonies. Also Atlas Obscura on google scholar asserts that colonial America was built on lottery revenue.

5

p.37 of appendix). Further it says if it is possible for him to give it in such a manner that the he the donor does not know to whom he is giving it and the poor person does not know to whom he received it from- this is very good (P.37 of appendix). Plaintiff never litigated this issue, so that the case should be sent down for further review to explore the issue. This aspect of my case represents a clash of values between the very values as an orthodox Jew as represented by chapter 34 laws of charity (see p. 37 of app.) and the values espoused by the campaign finance bd. Which argues for anti-corruption, transparency and strict bookkeeping.

2. Whether frcp 12b6 failure to state a claim on which relief can be granted applies to this case?

This case was originally brought in 2000 in the Federal district court for the eastern district of NY. The Judge was C. Amon she dismissed the case on failure to state a claim on which relief can be granted (p.28 of app.).

The standard for review for a 12 b 6 action is a de novo review. Pestia v O'connor 178 F.3rd 86, 88 (2nd Cir 1999). A complaint may be dismissed pursuant to rule 12 b 6 if the plaintiff can prove no set of facts in support of his claim which entitles him to relief. EEOC v. Staten Island Sav. Bank, 207 F. #rd 144, 148 (2nd Cir. 2000)

My answer to the 12 b 6 argument is to state the clash of values between the values of the campaign finance board and the demands of plaintiff's religion. If the court were to pick sides there is a basis in law where the demands of religion would push aside the clash of values with the campaign finance board and have priority. Thus there is a basis for deciding for plaintiff.

6

In 2022, plaintiff brought the case again this time with some new information. Specifically challenging information taken from a classic Jewish publication-the Kitzur Shulchan Aruch which basically outlaws all talking for the morning, afternoon, and evening services during morning service- psukei dezimra and shmona esray and repetition of it and for and for afternoon and evening services in the shmona esray See complaint (p.37 of app.) religious statutes implicated in the case.

As plaintiff has already stated (see Appendix p.38-9)- Statement of Claim- plaintiff can't collect money in shuls churches and mosques while people are praying and ask them, and disturb them by asking for their names addresses and signatures, etc. while they pray (See p.38-9 of app.). Plaintiff is not allowed to speak during prayers, so that it is his-plaintiff's free exercise of religious values that are being infringed by the boards policies and also that of his supporters, contributors (see p. 10 of app.)

Collecting at holy sites is plaintiff's preferred way of collecting money, raising money. Plaintiff is disabled under the ADA. Of all the methods of raising money he prefers to collect in religious settings. Collecting at religious institutions dates back to the colonial period and earlier and the board doesn't accommodate this mode of collecting in their modern laws and regulations and by doing so appears to be discriminating against plaintiff's religious practices. In the decision of 2022 case just decided no justification that can pass strict scrutiny at the small dollar level was offered by the judge except for ensuring compliance with the rules of Camp. Finance bd; allowing it to determine whether a candidate is eligible for matching funds and in what amount.) (See p.15 of app). The judge also mentioned providing the electorate with information about the candidates and their constituencies, (See p.15 of appendix) which is not particularly relevant at the small donation level (my own analysis here). (See p. 40 of app.)

The earlier case of 2000 offered fighting corruption; providing the electorate with campaign finance information; gathering data to detect violations taken from Buckley v.Valeo 424 US 1, 66-68. As plaintiff stated all these factors are not compelling justifications at the small coin and dollar level. (See p.

7

40 of app.) So to recapitulate there is a clash of values taking place here where my religion demands silence during morning, afternoon and evening prayers and the Board has its values. Now, the court if it so desires can decide in my favor based on free exercise of religion grounds.

As plaintiff stated in his memoranda in support of my complaint see p.46-47 of appendix, all the methods of collecting or raising money (ie cold calling, through the internet, advertising in the local papers, cable tv advertising sending out fliers, etc.) fit within a Venn diagram each method in its own circle located within a much larger circle encompassing the entire range of possibilities of raising money except plaintiff's method which falls within and outside this larger circle. His circle-which encompasses collecting at religious institutions falls within it to the extent that they are large donations of let's say greater than $10. Where plaintiff would have to follow board rules. But for donations of small amounts less than say ten dollars plaintiff could not follow board rules and this falls outside that larger circle. So basically plaintiff's circle falls in and intersects the circle and also falls outside the larger circle.

Inside the larger circle where all the smaller circles are within it except my circle, all the values of the board could also be represented (ie transparency, anti-corruption, bookkeeping (finding out about the electorate) etc. My circle would intersect with the larger circle to the extent of larger donations say over ten dollars where the values of the board at such a level plaintiff would uphold but for smaller coin or dollar donations plaintiff's circle would be outside this larger circle where collecting at religious institutions for small donations boards values don't make too much sense.

3.Whether appellant can expect to receive a fair and impartial hearing of his claims in the 2nd Circuit Court of Appeals with this action based primarily on what happened in the lower court primarily in 2018 but also 2001 and 2022.

In the case Herschaft v. Ny City Police Dept. et al 2018 WL 4861388, plaintiff pro se sued the 2nd Circuit en banc as one of the parties to the case because he was not informed by the second circuit

8

at that time that he was under investigation by the NY city police dept. before and during an election which could have possibly led to an unfree and unfair election. And the 2nd circuit might possibly had knowledge of the surveillance by the NY City Police Dept.

For the same reason plaintiff sued the US Supreme Court, Eastern and Southern Federal District courts; Manhattan and Brooklyn supreme courts. Plaintiff also sued Anthony Weiner, Chuck Schumer A. Cuomo and B. DeBlasio because they might have had information about any investigation by the (police, F.B.I. etc.) into plaintiff's affairs (if this had an effect on an election that plaintiff was involved in).

In the 2018 case and in the current one plaintiff argues he was denied procedural due process by not being offered a hearing while he was bringing a case in equity (preliminary and permanent injunction). Plaintiff argues that what he was offered fell far short of the standards of due process. His case was decided based upon submission of documents.

According to the Oxford Companion[3] procedural due process is concerned solely with the manner in which government acts. The US Supreme Court had held in Grannis v. Ordean, 234 US 385 (1914) that' the fundamental requisite of due process of law is the opportunity to be heard.' Grannis v. Ordean, 234 US 385, 394.

Judge Kuntz could have at least held a hearing and see which defendants, plaintiff had a valid case against. Indeed, he implied in his decision that defendant US senator Schumer did not meet plaintiff. I affirm or swear under oath that this event did in fact occur. Again what the judge should have done was to have held a hearing and determine the strength and merit of each individual defendant as regards plaintiff allegations. Instead, Judge Kuntz labelled plaintiff's claims as "clearly baseless"(p.53 of app.).In fact he called plaintiff's claims as fanciful, fantastic or delusional (p.53 of app.)

---

[33] Kermit Hall ed. Oxford Companion to the Supreme Court 2nd edition (2005) pg. 274.

9

In the original case brought before the Second Circuit, 2002 plaintiff was informed by one of the judges, that one of his papers that he had written and submitted to the court was missing. That is not due process.

According to the Oxford companion to the Supreme Court[4] the central aim of due process is to assure fair procedure when the government imposes a burden on the individual. The doctrine seeks to prevent arbitrary government, avoid mistaken deprivations, allow persons to know and respond to the charges against them, and promote a sense of legitimacy of official behavior.

4. Whether it was fair for appellant to have his case labelled 'frivolous' by various judges in his case in 2001, 2018 and 2022.

According to Black's law dictionary[5] frivolous is defined as "lacking a legal basis or merit; not serious; not reasonably purposeful."

Appellant argues that all the cases he has brought in federal court up to now had a serious purpose, plaintiff believed his arguments all had merit, had a legal basis for the granting of what he was requesting. He didn't bring these cases to harass. He was worried that a deprivation of a significant interest of his might occur if he took no action. In this particular case he was worried that the legislation of the board was not fair and reasonable in content and by attempting to further a (legitimate?) government objective would impermissibly interfere with his own objectives.

With judges Ammon; Kuntz II in 2018; and now Matsumoto in 2022 terming his work frivolous plaintiff feels wronged by these judges. Plaintiff believes that he should be able to sue these judges for defamation and libel in that his name and legal work has been tarnished. Plaintiff contends that it is one

---

[4] Kermit Hall ed. Oxford Companion to the Supreme Court 2nd edition (2005) pgs. 273-4.
[5] Bryan Garner ed. Black's Law Dictionary 9th ed. Due Process entry.

thing to criticize another thing to destroy one's good name. Plus there is an issue regarding procedural due process infringement on the part of judge Kuntz II.

Judge Kuntz II didn't provide any hearing. He summarily ditched the whole case while plaintiff was communicating with the US Supreme Court. If the judge found there to be pleaded baseless allegations then he should have held a hearing and determine if there were any valid on point accusations against the actors in question.

5. Whether the decision goes against recent US Supreme Court precedent?

During the early days of the Covid crisis we saw that the Court was in a deferral mode because we were in a crisis and the Court's thinking was what was in the best interest of the citizenry for its health safety and welfare. In South Bay Pentecostal Church v. Newsom, 140 S. Ct. 1613 (2020), the Chief Justice expressed willingness to defer to executive orders in the pandemic's early stages based on the newness of the emergency and how little was then known about the disease. Roman Catholic Diocese of Brooklyn v. Andrew Cuomo, 141 S.Ct. 63, 70 (2020)

After one and a half years of covid virus, the court made the following points: government regulations are not neutral and generally applicable, and therefore trigger strict scrutiny under the Free Exercise Clause, whenever they treat any comparable secular activity more favorably than religious exercise. Tandon v. Newsom ,141 S.Ct. 1294, 1296 (2021). Employment Division v. Smith, , 494 US 872 (1990) was an exception based on the fact that contraband was used in the Indian's religion. And even if the court should find in plaintiff's favor, a remedy can be tailored to the needs of plaintiff alone rather than offering the solution generally see Wisconsin v. Yoder 406 US 205 (1972).

11

Conclusion

Appellant requests that the case be reversed, sent down to the court below for further work as necessary. And regarding the 2018 case, craft a remedy (we are in equity) that would revive the case possibly, under a new judge. And any remedy that the court deems just and proper.